We'll hear the next case, United States v. Biba. Good morning, your honors. May it please the court. I'm Megan Bennett. I represent defendant appellant Les Biba. Mr. Biba is entitled to relief for two reasons. One, the count three conviction must be vacated on the matter remanded to the district court. And second, he's entitled to have his sentence vacated for procedural unreasonableness that occurred during the sentencing proceeding. I'd like to focus on the count three conviction issue first. We raised two issues concerning the count three conviction, which was for a violation of 18 U.S.C. section 924C, in which Mr. Biba was alleged and pleaded guilty to having brandished a firearm in furtherance of two Hobbs Act robbery conspiracies. Before you jump into the merits, I do have some questions about the plea waiver. Sure. And whether, I mean, we seem to have some law that is certainly similar. I mean, it's a Johnson situation, but... So the Johnson situation, I think you're referring to the Sanford case, the Sanford v. U.S. case? Yes, the Sanford case. So that came up in the context of the sentencing guidelines. That was a pre-Beckles decision, but it came up in the context of a challenge to the career offender sentencing guideline, which, as we know now from the Supreme Court, is a non-constitutional issue. What we have here, and that was also on an application for a second or successive 2255 petition, this is an issue that goes directly to the subject matter jurisdiction of the sentencing court. The count for which Mr. Biba was sentenced, the seven-year term consecutive to the 120 months on the Hobbs Act robbery conspiracies, does no longer exist. I mean, I have Sanford in front of me, and the court does talk about whether he was sentenced under a provision of the guidelines that is now unconstitutional after Johnson. And the court goes on to hold that he's bound. So in 2016, when Sanford is decided, the guidelines are already a matter of the district court's advisory consideration, right? They're no longer an advisory. So I think that is a material difference as compared to the 924C conviction here. And there was no decision at the time that Sanford was decided that said that the career offender guidelines were unconstitutional. By the time that was reviewed by this court, it had not been decided. As it turns out in 2017, the Supreme Court says in Beckles that the challenge to the career offender guidelines provision that was at issue in Sanford does not rise to a constitutional level. In this case, we have a conviction, the count three conviction, which we know now is unconstitutionally vague. It is essentially a nullity. And then I would say the question for this court is, did the district court have subject matter jurisdiction over that constitutionally vague count three charge? Are you really saying there was a lack of subject matter jurisdiction? What I'm saying is that now that the Supreme Court has struck the residual clause of 924C3B, that that is essentially a nullity. That statute does not exist. It may be, but does that mean there was not subject matter jurisdiction? I think it goes to the jurisdiction of the district court, absolutely. So in all of the cases that the government cites — What court has ruled that? That there's not a published — A constitutional defect in a statute deprives a district court of subject matter jurisdiction. If the statute is unconstitutional now, it was unconstitutional at the time of the sentencing. And that means that it was unconstitutional because it was unduly vague, which means that it had no — it was essentially — had no effect at the time that Mr. — at the time that Mr. Beebo was sentenced. What's all that got to do with subject matter jurisdiction? If the court is — the court's subject matter jurisdiction is premised on a — I — sorry, on — and so it's jurisdiction over Federal criminal conduct is — is vitiated. Even on your theory, the court had jurisdiction to decide if the statute was constitutional. It may have had jurisdiction at that time. Once the Supreme Court issues its Davis decision, I would say it's — it becomes a question of the — of the district court's lack of subject matter jurisdiction. But even putting the jurisdiction — You're really saying it's an illegal sentence, not — not lacking subject matter? Well, so it's — it is also an illegal sentence. I was going to say we don't necessarily have to get to the jurisdictional issue. And I just wanted to point out that the cases the government relies on in discussing a plea waiver, none of them involve a statute that is no longer essentially on the books. These are cases that involve the sentencing guidelines under Sanford. In Yemitan, which I know Judge Newman wrote the dissent in that decision, that was a question about whether it was an illegal sentence because the judge failed to articulate the reasons for the sentence under Section 3553C. In Wissereth, which I know Judge Chin was on the panel for, that was a question about whether the waiver reached to the procedural unreasonableness issue in the sentencing. In the Leibowitz case, it was a question about whether the statutory speedy trial act had been violated and, therefore, the plea waiver was no longer effective. None of these cases that the government cites, and they don't provide any cases at all, that say that when you have a statute that is unconstitutional, not just that it's been violated, not just that it's been an illegal sentence because it wasn't complied with, but when the statute itself is no longer constitutional, whether the plea waiver is still effective. And we put in a Rule 28J letter late last week — I don't know if the panel had a chance to see that — with a decision from the Sixth Circuit on this exact issue. It involved the Armed Career Criminal Act, but it had — the plea had a waiver provision that was identical to the waiver provision here. Sorry, not the Sixth Circuit, the Fourth Circuit. And the Fourth Circuit held that when a sentence exceeds the statutorily authorized — is in violation of the statutorily authorized maximum sentence, a plea waiver is not effective. There's no reason that this Court should hold differently in the context of Davis. I think Cornett was actually a Johnson case. It was. It was a Johnson case. It was at odds with Sanford. It's — again, I'd go back to — Sanford was — Sanford talked about Johnson, but Sanford was a Guidelines decision, not an Armed Career Criminal Act decision. And Sanford, at the time that it was decided, Beckles hadn't come down yet. So I think if Beckles had come down differently, then it would be more analogous. But Beckles says it's not a constitutional issue under the Guidelines. At the time that it was decided by this Court, there was — it had — it was not as — you know, Davis obviously renders 924C3B's residual clause unconstitutionally vague. At the time that Sanford was decided, there was not a binding Supreme Court decision on that issue. Why don't you deal with the merits? On count three, because Davis says that the residual clause is unconstitutionally vague and because there's no question but that Mr. Biba pleaded only to the Hobbs Act conspiracy, which this Court in Barrett in August of this year said could only fall within the residual clause, the count three conviction, as it stands, must be vacated. I know the government has presented an argument in what they framed as a Rule 28J letter that this Court should affirm on what looks to me like a plain error standard, although we would say that this issue has to be reviewed under harmless error because it was raised and briefed below, because in their reading of the transcript, Mr. Biba would certainly have pleaded guilty to the attempted Hobbs Act robbery, and the allocution was sufficient to satisfy the elements of the Hobbs Act robbery. That's just not accurate. If you look at the transcript of the plea allocution, at the point — first of all, there's nothing about the two — either of the two elements required for an attempt. One — well, the intent element may be satisfied, but there's nothing regarding the substantial step element that he allocated to that could satisfy the government's position that Mr. Biba's — Mr. Biba's allocation would have been sufficient for purposes of two Hobbs Act attempt robberies. Second, this Court has not yet addressed whether or not a Hobbs Act attempt robbery satisfies the elements clause of the 924C3A provision. If this Court is inclined to entertain that argument, we'd ask that it be — that we be given an opportunity to brief the issue further. Assuming that — Can I ask you a question? Yeah. About the dynamics of the plea waiver. I take it the key thing he wanted was an assurance that if the sentence was — that government wanted, it was below a certain number, there would not be an appeal. That was probably the main thing discussed. In the — in the plea waiver? In the — in this case, when the plea waiver was negotiated, unless there's — now, maybe there's something about that you can't tell me. If there is, then don't tell me. But if you can tell me, it looks like the first thing that was discussed would have been there'll be a plea waiver if — so long as the sentence is below a certain number. In this case, 219 months. Correct. Right? Correct.  My question is, is that sort of an add-on, a little aside? Or is that part of the basic negotiation? Will — will there be a plea if, A, the sentence is below 219 and there's no appeal waiver and whatever else they have? How does — I'm trying to understand the dynamics of it. And are — Judge Omono, you're asking about sort of the process of negotiating the plea? So I wasn't in it. I did not represent Mr. Biba in the district court, so I can't speak to — Do you know what's typical when they throw in an appeal waiver? Do I know — so I don't actually — I'm not on the CJA panel in the Eastern District of New York, so I don't think I could speak to what's — I could speak to what's normal practice in the Southern District, but not to what's normal practice in the Eastern District. I will note, with respect to the plea waiver, as well as the allocution or the colloquy about the knowing — you know, going to the knowing and — and voluntary waiver of his plea — of his right to appeal, if you look at the exchange with the district court judge, while she does refer to the plea waiver, what she says is that — and if I — I apologize. I think it's at pages A — I have it at A50. That can't be right. I have it at Government Appendix 16 to 17. The district court judge says — oh, I'm sorry. It's the — yeah, the Government Appendix 16 to 17. The district court says, your ability to challenge that finding of guilt on appeal is going to be severely limited. If you decided to go to trial, you could appeal both the verdict and the sentence by — so she says the verdict and the sentence, and then she goes on to say, by pleading guilty, your right to appeal or to collaterally attack all or part of the sentence that I would impose if I — if I were to impose a term of imprisonment of 219 months or less than that, you know, is what you're — is what you're waiving. If I were to impose a sentence of 219 months or a sentence below that, then you would not be able to challenge that sentence. In the class case, which — the government tries to distinguish the 2018 decision by the Supreme Court in the class case by saying that there is a general and broader waiver in this case. There is a broad waiver. That waiver does not specifically speak to challenging the constitutionality of any of the counts. And when you take that in combination with the colloquy at the time of the — of the allocution, I do believe that it is reasonable for Mr. Biba to have understood that he might be able to challenge the constitutionality of certain counts. And I would just point out that, as this Court has said before, that when you — you In this case, there is no question but that Davis rendered the residual clause unconstitutional. There is no question but that Mr. Biba's count one and count four convictions were premised on Hobbs Act robbery conspiracies, which this Court has said are not categorically crimes of violence. He is serving 204 months. Seven years of that 17-year sentence is for an unconstitutional conviction. The plea waiver did not expressly waive his right to challenge the constitutionality of the convictions. The allocution was arguably confusing. Under this Court's binding precedent of construing the plea agreement waivers against the government, Mr. Biba should be allowed to challenge the merits of the count three conviction and should be vacated. Thank you. We'll hear from the government. May it please the Court. My name is Elizabeth Geddes, and I'm an assistant United States attorney here in the Eastern District of New York. Lash Biba's conviction on count three, as well as the district court sentence, should be affirmed. First and foremost, the defendant waived his right to appeal both a conviction and a sentence by pleading guilty, and when he received a sentence below the amount of the appeal waiver, which was 219 months. The defendant received a significant benefit by virtue of his guilty plea here. So it's the government's position that even if the Supreme Court determines that a particular criminal statute is a nullity and applies it, let's assume Davis applies retroactively, that a defendant can never challenge that sentence then because of the appeal waiver? Is that the government's position? That's not necessarily the government's position, because in this case the conviction was, for count three, was both on conspiracy, which is no longer a valid basis, as well as the attempt. It was tied to? I read the plea allocution. He did not allocate to an attempt. He just said, I agreed to be a driver. There's no substantial step. There's nothing in there that indicates that he did anything, right? Point to something in the allocution where he said beyond agreeing to be the driver that he did something. He, by agreeing to be the driver, that, in fact, was a step. But the ---- The agreement itself is a step? But he went on to concede that there was a robbery that had taken place and that a gun was ---- That doesn't mean that he took any substantial step in connection with it. You could sit in a room, agree to commit a robbery. Other people carry it out completely. You never did anything other than agree in that room. That seems the way the allocution reads. But there's substantial evidence in the record that the robbery itself was carried out and that he ---- That's not a substitute for the allocation. I understand that. But if you're trying to argue to us that he allocated to an attempted robbery, which I'm not sure is even the analysis under Davis. Davis doesn't get into that. The Davis just declared it unconstitutional. It doesn't ---- you don't look at the particular facts, right? Well, but Davis is saying that the conspiracy itself is not sufficient under the elements clause. Which is what he pled to. He pled to count three, which was base ---- which was linked to both the attempted robbery as well as the robbery conspiracy. And he, in his allocution, he admitted that a gun was used in connection with ---- Let's put that aside for a moment. Is it the government's position, if a sentence is illegal and applied retroactively, that you cannot overcome an appellate waiver? I don't think that we ---- we're not asking, Your Honor, to find that in this particular case because it's our position that there is a legal sentence here given that the 924C case ---- What if we disagree with you and conclude that it is an illegal sentence? Is the appeal waived? Your Honors, could find that, yes, the appeal was waived. That he expressly agreed ---- You are taking the position that Judge Bianco just asked you about. But I don't think that we need to take that position because it's linked to the Hobbs Act attempted robbery. And I'm not saying that we would take that position if there was not a find the conviction valid. You agree, the government agrees that to the extent with respect to conspiracy that it's a nullity. So you're relying on attempt. If we were to hold that there isn't a sufficient allocution to attempt, then what? Are you still arguing that we should affirm because of the plea waiver? Or do we get to the merits? No, we would choose not to enforce the waiver in that particular instance. But we do think that in this case the count three was tied to both. And at the time of ---- You keep saying it's tied to both, but it doesn't matter what it's tied to. It matters what he allocated to, right? Just because it's tied to multiple counts, if he doesn't allocate to the attempted robbery, it doesn't matter what the indictment ties it to, right? Don't you have to allocate to it? Right. But he did in the allocution concede that there had been a robbery. So this isn't an attempted robbery. His substantial step it was not allocated to specifically. But there's no ---- he did agree that he was aware that a gun was in fact used. If he didn't allocate to a step on his part, is that a sufficient allocation to convict him of attempt? Yes, because he aided and abetted the attempted robbery by agreeing to be present for ---- to serve as the getaway driver. You are essentially arguing that if there's a completed crime that conspiracy becomes synonymous with attempt. I think that's what you're essentially arguing to the court, right? If there's a completed crime, that if you agree to commit the crime and other people carry it out, you're aiding and abetting them by agreeing to it. That would make a completed crime scenario a conspiracy synonymous with attempt. Well, I certainly don't mean to suggest that. In this particular case where the facts are that the defendant agreed to serve as a getaway driver and was present serving as the getaway driver, he certainly aided and abetted that. That part is what's missing from the allocution. There was no question put by the court, by anybody, and you were, in fact, present. I was. Wasn't there an agreement that the attempt charges would be dismissed in exchange for a plea to a Hobbs Act robbery? There was an agreement that the substantive attempt charge, as well as the 924C link to the second robbery, the Connecticut-based robbery, would be dismissed. But there was not an agreement that the 924C, with respect to the Staten Island robbery, would not be linked to the attempted robbery. So, yes, it's true that the attempt offense, we agreed to dismiss it. But there was nothing in the plea agreement that limited the 924C offense to the conspiracy. At the time of his guilty plea, the case law was very different, and this court had not decided Barrett. The Supreme Court had not decided Davis. And so, certainly, under, you know, in hindsight, it would have been a lot easier if he had actually allocated, and the government had asked him to allocate to the specifics of the attempt. But, given the... But you're agreeing now that he wasn't asked to allocate to attempt on count three? He was not allocuting to the attempt itself. He did allocate to the use of a gun and the brandishing of a gun in connection with the robbery conspiracy, and in so doing that, the attempted robbery, because this was all part of one act. In fact, the entire evidence of the conspiracy was based... Where did he say he carried or brandished a gun in his allocution? I don't remember that part. Where in the allocution did he say, in connection with either the Staten Island or the Connecticut one, that he himself carried and brandished a gun? I thought I heard you say that. No, no, no. I'm sorry. He did not carry or brandish a gun in respect to the Staten Island. He acknowledged that he knew a gun was carried and brandished. I may have misspoke, but, no, he did not do anything. Did his allocution acknowledge that he was the driver? He allocated that he agreed to be the driver. He acknowledged that fact? That he agreed to serve as the getaway driver, yes. Does an allocution, if it acknowledges the facts that establish attempt, have to refer to the attempt statute? No, I don't think it would have to refer to the attempt statute. So then your position is his allocution was a sufficient allocution even of the attempt? That's correct, Judge. Oh, okay. I just want to understand what you're saying. So the government submits that the defendant did waive his rights to challenge his conviction and his sentence, and that the attempted robbery, the fact that attempted robbery still remains viable under Davis and its progeny, is a valid basis for the count three conviction to stand. We do not object to supplemental briefing on that particular issue if the court does wish to do that. If there are no further questions, we rely on our papers. Thank you. We'll hear the rebuttal. Having heard the government's position, I don't believe that supplemental briefing is necessary here. There were two attempt charges that have now been dismissed. An attempt is not a lesser included offense of a conspiracy charge. They are separate offenses with separate elements. Mr. Biba allocated to agreeing with others to be involved in a robbery. That was count one on Staten Island. And agreeing with others to be involved in a robbery in Connecticut. That was count two. As Judge Bianco pointed out, there was never any allocution as to a substantial step, which is a necessary element of an attempt conviction. Apparently, there was no identification of anything as a substantial step. But if he admitted that what he to what he did, and if what he did is a substantial step, why isn't that enough? Judge Newman, there's no attempt count that's left on the indictment. It has been dismissed. The government dismissed the two attempt charges. We're trying to understand whether the plea that was entered is involuntary, right, in order to support the waiver. Whether the plea so we're trying to Is that the ultimate issue, is the plea involuntary in order to vitiate the waiver? Well, I mean, the plea, in order to vitiate the waiver, you could get there in a couple of different ways. One would be if the plea were involuntary. Another would be the question, as Judge Chin or Judge Bianco raised it, if this is an illegal sentence, which is, and I understand that there's the Sanford issue out there, although I think it's meaningfully distinguishable for the reasons I said in my opening argument. But if it's, the question is whether it was involuntary. Mr. Biba did not, he said he agreed to, what I heard Ms. Geddes say with respect to the driving, was that Mr. Biba agreed to be the getaway driver, which is critical for the conspiracy conviction and also critical for the Not that he was the driver? So what I heard Ms. Geddes say was that Mr. Biba agreed to be the getaway driver. That is enough for the conspiracy and it's not enough for the attempt. Was he asked, I mean, was he asked during the allocution, were you the driver? He was asked what he agreed to do. And I know that Ms. Geddes has said that Davis hadn't come down yet. Judge, you always said agreed. He never just said, what did you do? So I have to confess that the government's appendix, for some reason, I could not print it, so I have it only on my phone, although if Ms. Geddes has a copy of it, I could take a quick look. I think the government conceded that he did not say, I read it last night, that he did not say, I was the driver. He absolutely did not say that. It's not in there. Thank you, Judge Bianco. Right. So he, there was a lot of colloquy. He said, I agreed to be the driver. I agreed to be the driver, which is. He never said, I was the driver. He never said, I drove. Right. Sitting in the car, waiting outside. Right. And I would also point out that the, I've lost my train of thought, I'm sorry, on the illegality of the sentence. Ms. Geddes had said that the landscape was different and they would have done things differently at the time. The fact is, this issue was briefed before the court. Barrett was pending. It was going up and down to the circuit and to the Supreme Court. There was no reason that the government couldn't have anticipated this would have been a problem. They could have had him, you know, they could have demanded that he plead guilty to the substantive Hobbs Act robberies. They chose, for whatever reasons, to add, to include the conspiracy counts. It was the government that unilaterally drafted the plea agreement. It was the government that had all of the power in this situation. It was the government that's responsible now for the fact that Mr. Biba's count three conviction is predicated on an unconstitutionally infirm residual clause. Does the panel have any further questions? Thank you. Thank you. We'll reserve the decision. If we decide we want further briefing, we'll issue an order. Thank you. Thank you.